DECISION
{¶ 1} Plaintiff-appellant Voelker-Belz Company ("Voelker-Belz" or "appellant"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee Gene P. Johnson.
 {¶ 2} Johnson is the guarantor on a pair of $21,000 notes in favor of Voelker-Belz. The primary obligor on the note is Tremico, Inc., a residential home-builder that is not a party to this action. Both notes are secured by a second mortgage on their respective lots purchased by Tremico for the purpose of building single family residences. The primary construction lender and first mortgager holder is Heartland Bank, also not a party to this action, which originally lent $170,550 on one lot and $157,800 on the other.
 {¶ 3} Tremico defaulted on all loans and ultimately transferred the deeds to Heartland in lieu of foreclosure. In order to ensure completion of the homes under construction and thus recoup its loans through private sale of the lots to which it now held title, Heartland obtained an agreement from Tremico and Voelker-Belz that allowed Heartland to increase the amount of the construction loans and attendant first mortgages by $16,525 for one lot and $4,980 for the other. Johnson objected to this agreement because, by increasing the amount secured by a senior mortgage, it increased his exposure as guarantor on the notes secured by second mortgages and thus impaired his collateral interest in the lots.
 {¶ 4} After completion of the homes and sale of the improved lots by Heartland, Voelker-Belz released both second mortgages in order to permit the conveyances to close without encumbrance, again without the consent of Johnson. Heartland paid various mechanic's liens, closing costs, and real estate commissions from the sale proceeds. After these sale expenses and after payments to Heartland as the senior mortgage holder, Voelker-Belz received only a small proportion of the amounts owed under the $21,000 notes, and brought the present action to collect the balance from Johnson as guarantor.
 {¶ 5} The note contained the following clause applying to all obligors:
I hereby personally guarantee payment of the principal and interest on the foregoing promissory note. I waive any right to require the holder to proceed against the maker prior to seeking and collecting payment from me.
 {¶ 6} In addition, the guaranty language entered into by Johnson contains additional waiver language as follows:
All persons now or hereafter liable for the payment of the principal or interest due on this note, or any part thereof, do hereby expressly waive presentment for payment, notice of dishonor, protest and notice of protest, and agree that the time for payment or payments of any part of this note may be extended at the option of the holder without releasing or otherwise affecting their liability on this note, or the lien of the mortgage securing this note.
 {¶ 7} The matter was submitted to the trial court upon cross-motions for summary judgment and stipulated facts. The trial court granted summary judgment for Johnson noting that (1) if words in a guaranty are ambiguous they should be read in favor of the guarantor and interpreted against the drafter; (2) Johnson had not consented to release of the collateral or impairment of the collateral by alteration of the agreement between Tremico, Voelker-Belz, and Heartland to increase the first mortgage and loan amount; (3) this subsequently executed agreement was a material alteration to the terms of the guaranty that impaired Johnson's ability to protect his interest in the property; (4) Johnson had not waived notice and consent requirements through signing the guaranty; and (5) a release of the principal debtor, which occurred in the present case, will also serve as a release of the guarantor.
 {¶ 8} Voelker-Belz has timely appealed and brings the following sole assignment of error:
The Trial Court Erred in Sustaining Defendant-appellee's Motion for Summary Judgment and Denying Plaintiffappellant's Motion for Summary Judgment.
 {¶ 9} Appellant's assignment of error asserts that the language of the guaranty executed by appellee waived any requirement on the part of appellant to foreclose on the mortgage properties prior to seeking payment from appellee as guarantor, and that the actions of appellant, Heartland Bank, and Tremico were at all times consistent with the terms of the guaranty executed by appellee.
 {¶ 10} Appellee concedes that the language of the guaranty contract clearly allowed appellant to proceed against appellee as guarantor for collection of the amount due under the notes without seeking to collect from Tremico, the principal on the notes. Appellee asserts, however, that the actions of the other parties to the transactions, including appellant, far exceed the scope of this limited waiver. Appellee points out that nothing in the language of the guaranty waives any of the common law rights and defenses incumbent upon a guarantor, and that appellee did not consent to a release of the guarantor's rights in the collateral that secured the promissory notes, nor to Heartland Bank's increase in the amount of indebtedness secured by its senior mortgage to the detriment of the secured position of junior liens such as the second mortgage held in conjunction with the Tremico notes which appellee had guaranteed. Both of these arguments by appellee are persuasive and dispositive of the present case.
 {¶ 11} "It is well settled that a guarantor is discharged from liability whenever the terms of the contract or the nature of the obligation guaranteed is materially altered without the guarantor's consent." Chase Bank of Ohio v. Brookstone OhioPartnership, (Mar. 5, 1990), Clermont App. No. CA89-07-065, citing Cambria Iron Co. v. Keynes (1897), 56 Ohio St. 501. The scope of a guarantee is to be determined by the language of the contract, in which the language will be given its plain and ordinary meaning in the same manner of the interpretation of any other contract. Stone v. Natl. City Bank (1995),106 Ohio App.3d 212, 217. The court's purpose in construing the guaranty is to effectuate the intent of the parties. Id.
 {¶ 12} Appellant's argument in the present case is essentially that the language of the guaranty and note, as quoted above, constituted assent by appellee to a modification of the terms of his guaranty obligation, including an impairment of the collateral. We find that it does not. The language of the guaranty agreement and the note establish only that appellee waived "any right to require the holder to proceed against the principal," and waived notice of dishonor, presentment, or extension of payment.
 {¶ 13} Appellant cites three cases for the proposition that the guarantor will not be released by a material alteration of the terms of the underlying obligation to which the guarantor has consented. In Federal Deposit Ins. Corp. v. Assoc. NurserySystems (C.A.6, 1991), 948 F.2d 233, the consent granted by the guarantor to alteration of the terms of the contract was set forth in the following waiver:
Bank may, in its sole and absolute discretion * * * take up and give securit[ies] * * * [and] make any changes of any sort whatsoever in the terms of its contract * * * and/or with the other parties and securities in relation thereto, and without any notice to or consent from [guarantor].
 {¶ 14} This consent is obviously far broader in that it specifically contemplates impairment of the collateral, which is precisely what appellee did not consent to in the present case either in the language of his guaranty and the note, or in his refusal to consent to the subsequent modification of terms. This case is therefore not instructive in the present matter.
 {¶ 15} In the case of Barclays American/Commerical, Inc. v.ROYP Marketing Group, Inc. (1988), 61 Ohio App.3d 701, 707, the guaranty language stated as follows:
"The undersigned waive notice of acceptance hereof or of any transaction with BarclaysAmerican; presentment and protest of any instrument and notice thereof; notice of default; and forbearance or extension and any other notices. * * *"
 {¶ 16} Again, the language of this guaranty, since it contemplates more than mere forbearance of payment, but also notice "of any transaction with BarclaysAmerican," is broader than the language in the case before us. The term "any transaction" could reasonably be construed to include an increase in senior debt or an impairment of collateral, but no such language exists in the case before us.
 {¶ 17} Finally, appellant cites Huntington Natl. Bank v.Ross (1998), 130 Ohio App.3d 687, in which this court found that the creditor was entitled to foreclose on the guarantors' real property without pursuing or exhausting its rights or remedies against the principal on the debt. As appellee points out repeatedly and correctly in his brief, the case before us is not about appellant's failure to pursue the principal on the note before seeking recovery from the guarantor, but about a material impairment of the collateral offered by the principal as security for the note, and a consequent modification of the nature of the guarantor's obligation. Ross concerns the holder's right to proceed against property of the guarantor without first pursuing the principal, and is, therefore, again inapposite.
 {¶ 18} Appellee's position as guarantor was materially impaired through the extension of additional credit to a senior lien holder and subsequent release of the second mortgage without appellee's consent. We find that nowhere in the guaranty agreement or the language of the note itself to which the guarantor consented does the guarantor agree to the voluntary release of collateral, or impairment by increasing the amount of a senior lien. We agree with the trial court that Voelker-Belz could not, over the objection of appellee, unilaterally enter into a new agreement with Tremico and Heartland that impaired the value of collateral securing the promissory notes to which appellee had extended his guaranty, then proceed to give Heartland Bank a right to private sale of the collateral. Under these circumstances, appellee as guarantor lost all possibility of recourse against the collateral provided by the principal on the notes, since he no longer had the option of first paying the notes under the terms of the guaranty and then proceeding, as subrogee standing in the shoes of the holder, to enforce the mortgage lien on the collateral against the principal. The security relied upon by appellee when he offered his guaranty on the notes, after being first encumbered by additional senior debt, was then totally extinguished by the release of the second mortgage lien.
 {¶ 19} We agree with the trial court that the actions undertaken by the various other parties to the different transactions materially altered the terms and conditions of the guaranty contract previously consented to by appellee, and that appellee should be discharged from liability because of alteration of the obligation without his assent.
 {¶ 20} Voelcker-Belz's assignment of error is accordingly overruled. The judgment of the Franklin County Court of Common Pleas granting summary judgment for appellee is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.